Exhibit C

**PROCEDURES FOR EDUCATOR CERTIFICATION HEARINGS**

*Code* BCAF Issued  4/14/04          Revised          8/17/04; 8/10/05; 10/08/08;
                                                       2/11/09; 4/12/16; 6/9/20

Constitutional and Statutory Provisions:

S.C. Code Ann. Sections:

| | |
|---|---|
| 1-23-310 et seq. | Administrative procedures |
| 20-7-945 | Revocation of license for failure to pay child support |
| 59-5-60(3 and 6) | General powers of [State] Board |
| 59-5-70 | Hearing officer may be designated |
| 59-25-110, et seq. | Examinations and teachers' certificates |
| 59-25-150, et seq. | Revocation or Suspension of certificate |
| 59-25-530 | Unprofessional conduct; breach of contract |

Code of Laws of South Carolina, 1976

24 S.C. Code Ann. Regulations:

| | |
|---|---|
| R 43-58 | Denial, revocation, and suspension of credentials |
| R 43-58.1 | Reporting terminations of certain school district employees |
| R 43-100 | Test security |

---

**State Board Rule:**

Procedures for Taking Action on Educator Certificates

Application of S.C. Code Ann. § 1-23-310 et seq. (Supp. 2019), Administrative Procedures Act (APA)

The APA, along with S.C. Code Ann. § 59-25-110, *et seq.* (2020), Examinations and Teachers' Certificates, will govern all proceedings conducted in accordance with this Rule of Governance.

## II.     Summary Suspension in Emergency Situations Affecting the Public Health, Safety or Welfare

S.C. Code Ann. § 1-23-370 (Supp. 2019) authorizes the State Board of Education to temporarily suspend the certificate of any teacher, pending proceedings for revocation or other action, when it finds that public health, safety, or welfare require emergency action. The South Carolina Department of Education (SCDE) will ask the Chair of the Board to summarily suspend the certificate of any educator by filing a petition detailing the emergency that necessitates the action.

Exhibit C

**III.    Grounds for Taking action on an Educator Certificate**

S.C. Code Ann. § 59-25-150 (2020) authorizes the Board to take action on an educator certificate when a majority of the Board determines that there is just cause to do so.

Just Cause

S.C. Code Ann. § 59-25-160 (2020) and 2 S.C. Code Ann. Regs. 43-58 (2011) provide that the Board has the legal authority to take action on an educator certificate when one or more of the following grounds exist:

- Incompetence.
- Willful neglect of duty.
- Willful violation of the rules and regulations of the State Board of Education.
- Unprofessional conduct.
- Drunkenness.
- Cruelty.
- Crime against the law of this state or the United States.
- Immorality.
- Any conduct involving moral turpitude.
- Dishonesty.
- Evident unfitness for the position for which one is employed.
- Sale or possession of narcotics.
- Obtaining or attempting to obtain an educator certificate by fraudulent means or through misrepresentation of material facts.
- Failure to comply with provisions of a contract without the written consent of the local school board.
- Test security violation.
- Failure to comply with a court order for child support, and
- Failure for a second time to complete successfully the formal evaluation process as an annual-contract teacher.



Exhibit C

**IV.    Initiation of Certificate Action Procedures**

A.    Notice to the Department

The Department may learn of possible grounds for suspension or revocation of an educator certificate from any one of the following sources:

1.    A written notice from a district superintendent, pursuant to 2 S.C. Code Ann. Reg. 43-58.1 (Supp. 2011), Reporting Terminations of Certain School District Employees.

2.    Data from the National Association of State Directors of Teacher Education and Certification (NASDTEC) Clearinghouse, an equivalent organization, or a written statement from an education organization in another state.

3.    Newspaper articles or news broadcasts of allegations of misconduct by an educator.

4.    A written complaint from any individual regarding conduct that is reasonably believed to constitute grounds for revocation or suspension of a certificate. Such a written complaint (a sample is provided in appendix B) must contain the following information:

(a)    the name of the complainant,

(b)    the contact information of the complainant,

(c)    the name of the educator who is the subject of the complaint,

(d)    the name of the educator's employer at the time the misconduct occurred,

(e)    specific information regarding the complaint, and

(f)    the name of the employer representative to whom the complainant reported the misconduct.

5.    Other credible communications.

B.    Preliminary Review of the Case

The SCDE will begin investigating allegations by sending a written request for additional information regarding the case to the district superintendent, the law enforcement agency investigating the misconduct, and other appropriate persons. Notice of the investigation will be sent to the educator.

Exhibit C

Preliminary information concerning the allegations of misconduct will be presented to the SCDE Certification Review Committee (CRC). The CRC will consist of staff of the Office of General Counsel and Office of Educator Certification as well as other staff within the SCDE, as appropriate. The CRC will determine if there is sufficient evidence to pursue action on the educator's certificate and, if so, what action is recommended.

C.     Notice of Pending Action and Right to a Hearing

If the CRC makes a determination that action against the educator's certificate is warranted, General Counsel will notify the educator of the pending action and his or her right to a hearing before an appointed hearing officer, as provided by S.C. Code Ann. § 59-5-70 (2020), and S.C. Code Ann. § 59-25-170 (2020). The Board reserves the right to conduct any such hearing.

The notice will be sent by certified mail, restricted delivery, and must state the following:

1.   the grounds for the pending action on the certificate;

2.   the right of the educator to be represented by counsel;

3.   the right of the educator to a private or public hearing; and

4.   the requirement that a request for a hearing be submitted in writing within 15 days of the receipt of the notice, pursuant to S.C. Code Ann. § 59-25-200 (2020).

D.     Request for Hearing

If the educator requests a hearing, the Office of General Counsel will notify the educator of the date, time, and location of the hearing and will provide him or her with the name and the contact information for the hearing officer assigned to conduct the hearing.

If the educator fails to make a written request for a hearing within 15 days, the educator will have waived the right to a hearing, and the Board may make a determination based solely on information presented by the SCDE.

E.     Hearing Officer Conflict of Interest

In the event that a hearing officer has a conflict of interest, he or she must recuse him- or herself. If any party believes that a hearing officer has a conflict of interest, a written statement describing the nature of the conflict and requesting the officer's recusal from the case should be submitted to the hearing officer within 48 hours of the party's receipt of the hearing notice.

Exhibit C

F.      Prehearing Discovery

Prehearing discovery will be permitted by agreement of the parties or as ordered by the hearing officer. When the parties are unable to reach agreement, the hearing officer may order discovery after receiving a request from either party, when all of the following conditions are met:

1.      the discovery is necessary to establish the material facts of the matter,

2.      the information sought cannot reasonably be obtained by other means,

3.      the discovery does not create undue costs to the opposing party, and

4.      the discovery is not unduly burdensome.

The discovery request must state the specific discovery being requested and must be served on the other party at the same time and in the same manner it is submitted to the hearing officer.  Parties may file a response in opposition to the request for discovery not later than five days after service of the request. If the discovery request is granted, the parties will be notified in writing and will be informed of deadlines and any other limitations the hearing officer deems appropriate. Discovery requests submitted within fifteen days of a scheduled hearing will not be granted, absent a showing of exceptional circumstances as determined by the hearing officer.

G.      Provisional Deposition (de bene esse)

In order to obtain and preserve testimony in his or her favor, a party may take the deposition of a witness who will be unavailable to testify at the hearing, provided the other party is served with notice of the deposition and is given the opportunity to participate. The hearing officer will determine the admissibility of a de bene esse deposition.

H.      Subpoenas

The hearing officer may issue subpoenas at the request of either party to compel witness testimony. Copies of all subpoenas issued will be provided to the other party.

Exhibit C

I.     Prehearing Statement

Each party must deliver to the hearing officer and the opposing party, no less than ten days prior to the hearing, a prehearing statement. The prehearing statement must be in the general format shown in appendix C and must include:

1. the educator's name and certificate number,

2. a brief description of the facts of the case,

3. a list of proposed witnesses and brief descriptions of their testimony, and

4. an attachment of all exhibits intended to be introduced at the hearing.

Any witness not identified or any exhibit not included in either party's prehearing statement may be added through the filing of an amended prehearing statement, provided the amended statement is submitted at least 48 hours prior to the hearing. Otherwise, those witnesses and exhibits may not be presented at the hearing, absent a showing of exceptional circumstances as determined by the hearing officer.

J.     Conduct of the Hearing

The educator may request a closed or open proceeding. Each party will have the opportunity to present an opening and a closing statement.  All witnesses must be sworn and must testify under oath. The educator may have up to three character witnesses testify at the hearing.  The parents of student witnesses will be allowed in a closed hearing when their child testifies.

The same evidentiary rules that apply to civil cases tried in the Court of Common Pleas will apply to certificate action hearings, pursuant to S.C. Code Ann. § 1-23-330 (Supp. 2019).  All testimony will be preserved for the record by a court reporter or an audio recording. In the event of an appeal, the appealing party must pay for the transcript of the hearing, if one is available.

K.     Hearing Officer's Report and Decision of the Board

Following the hearing, the hearing officer will formulate a written report stating his or her findings of fact and recommended action and will submit the report to the Board for consideration. Prior to submitting the report to the Board, the hearing officer must serve the parties with a draft of the report and provide the opportunity for each party to file objections to the report.  Once the hearing officer has considered the objections and finalized his or her report, the hearing officer will submit the report at the next scheduled board meeting. Notice will be given to both parties of the time, date, and place of the hearing officer's presentation to the Board.



Exhibit C

Upon consideration of the hearing officer's report and any information submitted by the parties, the Board may order one of the following:

1. permanent revocation;

2. revocation with the right to reapply after three years, subject to a character and fitness review;

3. suspension for a specified period of time; suspension for a specified period of time, upon satisfaction of certain conditions such as drug or alcohol testing, counseling, or treatment; psychiatric testing, counseling, or treatment; or other conditions appropriate to the facts of the case;

4. public reprimand, or

5. dismissal of case.

If the Board's decision is to revoke permanently an educator's certificate, the educator will be prohibited from petitioning any future Board for reapplication. The Office of General Counsel has the authority to deny any such request for reapplication.

L.     Final Order

The chair of the Board will sign an order of the action taken by the Board. After the order is signed, the original will become a matter of public record and will be maintained at the SCDE.

A copy of the final order will be sent to the following:

1. the educator or his or her legal representative;

2. the educator's school district at the time of the conduct that led to the certificate action;

3. the educator's current school district, if different from the foregoing;

4. the Office of Educator Certification; and

5. all other appropriate persons.

M.     Notice of the Board's Action

The Office of Educator Services or successor SCDE office will send notice of the denial of certification, public reprimand, suspension, revocation, or surrender of an educator certificate to all South Carolina school districts and the National Association of State Directors of Teacher Education and Certification (NASDTEC) Clearinghouse or an equivalent organization that performs the same function.

Exhibit C

**V.     Hearing Procedures for Cases Involving Breach of Contract**

A.     School District Responsibilities

When the school district reports the breach of contract to the State Board, it must also indicate whether it wants to pursue an action for suspension of the educator's certificate before the State Board. The school district is responsible for bringing the action against the educator's certificate. At the hearing, the school district that is alleging the breach of contract has the burden of proof and is responsible for presenting the case before the hearing officer. Accordingly, the district must introduce conclusive evidence at the hearing of a contract and of its breach.  The district also must provide an explanation of the district policy, if any, on the acceptance or rejection of employee resignations, and must provide evidence that the educator violated the policy.

If the school district fails to provide the documentation as listed in Appendix A, or is unresponsive to requests from the SCDE to obtain such information, the SCDE may dismiss the breach of contract matter.

B.     South Carolina Department of Education Responsibilities

The Department will be responsible for sending notice to the educator and for scheduling the hearing before the hearing officer.

C.     Hearing Procedures and Board Action

See items C  through M in Section IV.

**VI.     Hearing Procedures for Cases Involving Failure to Comply with Child Support Order**

A.     Notice

The Department of Social Services (DSS) will send a notice of intent to revoke to an educator who has failed to comply with a court order of child support.

B.     Due Process Period

The educator has a 90-day period in which to resolve the compliance issue with DSS.

C.     Failure to Resolve

If the educator fails to resolve the compliance issue within the due process period, the DSS will send a request for revocation to the Department.

Exhibit C

D.    Presentation to the State Board

The Office of General Counsel  will send notice to the educator of the pending revocation of his or her educator certificate. The Office of General Counsel also will prepare an order of revocation and will present that order to the Board, along with a copy of the request for revocation from the DSS.

E.    State Board Determination

The Board will revoke the educator's certificate effective on the date of its action and will notify the educator, all South Carolina school districts, and NASDTEC. Since the educator is offered due process procedures with the DSS prior to the Board's action, there will be no separate hearing before a hearing officer.

F.    Reinstatement

The educator's certificate must be reinstated upon notice from the DSS that the educator is in compliance with the court order for child support. The Office of Educator Certification will reissue the certificate and notify the Board of the name of the educator whose certificate was reinstated pursuant to this provision. Notice of reinstatement will also be sent to all South Carolina school districts and NASDTEC.

## VII.    Appeals Process

An educator may appeal a decision of the Board in any of the above proceedings, excluding revocations ordered for failure to comply with child support orders, by filing a petition with the Administrative Law Court within 30 days of the receipt of the final order, pursuant to S.C. Code Ann. § 59-25-260 (2020).

## VIII.    Consent Orders/Default Judgments

If an educator enters into a consent agreement negotiated with the Office of General Counsel, the Board may delegate to a committee of the Board the review and acceptance of that agreement. Consent agreements which have been reviewed and approved by a committee will be reported and ratified by the Board at its next Board meeting. By entering into a consent agreement and having that agreement accepted by the Board, the educator is waiving his or her right to a hearing by the Board.

If an educator does not request a hearing and is therefore in default, the Board may delegate to a committee of the Board the review and acceptance of the order of default. Orders of default which have been reviewed and approved by the committee, will be reported and ratified by the Board at its next Board meeting. By defaulting and not requesting a hearing the educator is waiving his or her right to a hearing by the Board.

Exhibit C

Consent agreements and orders of default will be presented to the Board for ratification. Any Board member objecting to the acceptance of either a consent agreement or an order of default may file an objection with the Chair of the Board prior to the Board meeting in which the ratification will occur. If five or more Board members file an objection to a particular item, that item will be removed from the ratification list and presented separately to the Board.

The non-acceptance of a consent agreement or order of default may be reviewed by the Board upon the request of the Office of General Counsel or the educator, in the case of a consent order.

Exhibit C

APPENDIX A

BREACH OF CONTRACT PROCEDURES

1.  The school district sends a letter and background documents to the Office of General Counsel indicating that the district board of trustees voted to request action on an educator's certificate. If all necessary background documents are not submitted, the district will be asked to furnish them.

    Required background documentation:

    (a)     current address of educator and, if possible, telephone number, and personal email address;

    (b)     educator's contract;

    (c)     district policies on employee resignations and contract release;

    (d)     educator's letter of resignation;

    (e)     memo or letter informing the educator that the district board of trustees or superintendent has refused his or her request for release from the contract;

    (f)     memo or letter verifying that the district board of trustees took official action (voted) to report the breach of contract to the State Board of Education for action to be taken regarding the educator's certificate; and

    (g)     any other correspondence, information, or documentation that is relevant to the breach of contract.

2.  Once all background documentation is received, the Office of General Counsel will send a letter to the educator notifying him or her of pending action on his or her certificate and the right to a hearing.

3.  If the educator does not request a hearing, the Office of General Counsel will recommend to the State Board of Education that a one-year suspension be imposed.

4.  If the educator requests a hearing, the hearing will be scheduled with a hearing officer.  The educator and the district will be sent a notice that states the date, time, and location of the hearing and provides information on submitting the required prehearing statement. At the hearing, the district will be responsible for establishing that the breach occurred and that action on the educator certificate is warranted.  Hearing procedures detailed in

Exhibit C

items C through M in Section IV, of the State Board Rule of Governance BCAF will apply.

5.     Following the hearing, the hearing officer will make a recommendation to the Board as to whether a suspension should be imposed and, if so, for what period of time (up to one year).

6.     The Board will vote on the recommendation and issue an order. The Office of General Counsel will send a copy of the Board's order to the educator and the district.

Exhibit C

APPENDIX B

COMPLAINT OF EDUCATOR MISCONDUCT

**Name of Complainant:**

_____          _____
(last)                                                        (first)

**Address:**

_____
(street)                                  (city)                               (state)          (zip)

**Telephone Numbers:**

**Home:**_____   **Bus.:**_____**Fax:**_____
          (area code)                              (area code)                       (area code)

**E Mail Address:**_____

**Name of educator against whom the complaint is made:**

_____
(last)                                          (Jr./Sr./etc.)          (first)                         (MI)

**Educator's position and title:**_____

**Name and address of educator's employer:**

_____ _____ _____
(name)

_____
(street)                                          (city)                           (state)          (zip)

**RETURN THIS FORM TO:**
Office of General Counsel, S. C. Department of Education
1015 Rutledge Building, 1429 Senate Street
Columbia, South Carolina 29201

*Please note that all information provided on this form will be <u>kept</u> as confidential as possible, and will be used by the Office of General Counsel only to determine whether to begin an investigation into the allegations of misconduct on the part of the educator.*

Exhibit C

APPENDIX C

PREHEARING STATEMENT

South Carolina Department of Education v._____

1.  Educator's name:_____

    Educator certificate number:_____

2.  Description of allegations and supporting facts:

    _____

    _____

    _____

    _____

    _____

3.  Proposed witnesses and brief descriptions of testimony:

    _____

    _____

    _____

    _____

    _____

*4.*     Exhibits *(attached)*