

Exhibit D

**STATE OF SOUTH CAROLINA**
# DEPARTMENT OF EDUCATION

### MEMORANDUM

**TO:**      District Superintendents
             South Carolina School Board Members
             Public Information Officers

**FROM:**    John E. Tyler, Esq.
             Deputy Superintendent and General Counsel

**DATE:**    October 2, 2024

**RE:**      Clarification on R. 43-170 and Educator Disciplinary Action


The South Carolina Department of Education is aware of misplaced concerns and misinformation about S.C. Code of Reg. 43-170 (Uniform Procedure for Selection or Reconsideration of Instructional Materials) and its relationship to potential disciplinary actions against educators.

These concerns may have arisen from others' dissemination of inaccurate interpretations of isolated terms or phrases in R. 43-170 taken out of context and discussed without an adequate understanding of the disciplinary process. A proper understanding of that process and the context of R. 43-170 should alleviate these concerns. To that end, we offer the following clarifications about the impact (or lack thereof) of R. 43-170 on disciplinary action:

1. **R. 43-170 does not change the scope, definitions, or processes associated with disciplinary action impacting educator certificates.**

   R. 43-170 does not create a new classification or category of action against educator certifications, nor does it affect or alter the bases or the processes associated with such actions. Rather, it created a separate and distinct review process intended to address the review of *materials*, an issue entirely separate and distinct from allegations of educator misconduct.

**ELLEN E. WEAVER · STATE SUPERINTENDENT OF EDUCATION**
428 WHOLESALE LANE · WEST COLUMBIA, SC 29172
PHONE: 803-734-8500 · FAX: 803-734-3389 · ED.SC.GOV

Clarification on R. 43-170 and Educator Disciplinary Action
Page 2
October 2, 2024


Exhibit D

<u>Disciplinary actions related to educator misconduct or affecting an educator's certification are governed by the following statutes, regulations, and processes, all of which remain in force, unaltered by Regulation 43-170:</u>

- S.C. Code § 59-25-150 and § 59-25-160 establish the State Board of Education's ("SBE") authority to revoke or suspend an educator's certification for just cause. These statutes cannot be—and are not—altered or amended by R. 43-170.

- S.C. Code of Reg. 43-58  sets forth the scope of legal authority that the SBE has related to disciplinary action impacting educator certificates. Regulation 43-58 remains in full force and effect and is not altered or amended by R. 43-170.

- SBE Governance BCAF establishes procedures for educator certification hearings and defines "just cause" for taking action against an educator's certificate in compliance with various statutes and regulations cited therein, including R. 43-58. Governance BCAF remains in full force and effect and is not altered or amended by R. 43-170.

- SBE Governance BBCE establishes the Certification Review Committee, which is tasked with reviewing and recommending disciplinary action in educator misconduct cases, subject to the SBE's final determination. Governance BBCE remains in full force and effect and is not altered or amended by R. 43-170.

- The SBE's Educator Licensure Cases Committee is appointed by the SBE to hear certain disciplinary actions referenced above. R. 43-170 does not alter or amend the scope of this committee's review.

In sum, any concerns that R. 43-170 alters or diverges from the well-established laws, regulations, and processes that govern educator discipline are misplaced. Similarly, any concerns regarding the allegedly vague or undefined penalties the SBE could impose on educators for repeated intentional, willful, or reckless violations are misplaced.

Regulation 43-170 creates neither new processes nor new penalties relating to educator misconduct. The SBE's authority to enforce this Regulation and to impose sanctions for its violation are circumscribed by the same statutory and regulatory safeguards and are equipped with the same procedural and due process protections as every other educator discipline matter.

Clarification on R. 43-170 and Educator Disciplinary Action
Page 3
October 2, 2024

Exhibit D

2. **R. 43-170 puts responsibility for compliance squarely on the shoulders of local boards, not individual educators.**

Under R. 43-170, it is *materials*—not educators—that will be reviewed by local school boards, and, if appealed, by the SBE. While the decisions made by educators are necessarily involved in the selection of instructional materials under review, the SBE's scope of review is on the local board's decision and its application of the standards for age-appropriateness and educational suitability espoused in R. 43-170.

3. **The SBE's review of a particular item of instructional material is distinct from an "investigation" contemplated in Section VII of R. 43-170.**

Section VII of R. 43-170 addresses potential enforcement and begins with the phrase, "If, after investigation. . . ." This section contemplates a proceeding that is distinct and separate from the SBE's review of a specific piece of instructional material established earlier in the regulation. Furthermore, as explained above, an "investigation" contemplated by Section VII would, as required by due process, follow SBE's well-established procedures for any such investigation.

Should such an investigation be deemed necessary and initiated by the SBE, the first sanction would be a warning to a district board or employee, as applicable. For any subsequent violation, the SBE would have to determine "that the violation or failure was knowing or intentional or willful or recklessly disregarded the district's or the employee's actual or constructive knowledge of the criteria and requirements in this regulation" to subject the district superintendent, relevant employee, or district board chair to "a hearing conducted by the State Board, and any response that the Board, in its discretion, deems appropriate."

This knowing/intentional/willful violation standard already exists for disciplinary actions under Code § 59-25-160, R. 43-58, and SBE Governance BCAF. <u>Therefore, as stated above, the SBE has not established a new pathway for taking action against an educator's certificate. Nor is this standard one that an educator could run afoul of merely by accident or even by negligence.</u>

In conclusion, the SCDE and SBE take appropriate care during the adjudication of Educator Licensure Cases to collect facts, follow due process, and render fair judgements consistent with all governing statutes, regulations, and governances. R. 43-170 does not change this long-established process.

Districts and educators alike should rely on guidance from the SCDE and their districts' legal counsel to address concerns over the implementation of R. 43-170. The SCDE stands ready to

Clarification on R. 43-170 and Educator Disciplinary Action
Page 4
October 2, 2024



Exhibit D

offer technical assistance as your district implements this policy.  If you have any questions, please contact Robert Cathcart, Policy & Legal Advisor at (803) 734-2230 or rdcathcart@ed.sc.gov. Please share this memo with your district's legal counsel.